**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**FRANK LUCAS,**

                 **Plaintiff,**

v.

                                                                 **15-CV-680G(Sr)**

**ERIE COUNTY et al.,,**

                 **Defendants.**

---

## REPORT, RECOMMENDATION & ORDER

        Plaintiff, represented by counsel, commenced this action alleging that while he was subjected to excessive force and denied adequate medical care while in the custody of the Erie County Holding Center on July 9, 2014. Dkt. #12-1, ¶ 2.

        Counsel's motion to withdraw as plaintiff's attorney based upon plaintiff's failure to maintain contact with his attorney and failure to appear at a mediation session was granted on June 23, 2017. Dkt. #19. Plaintiff, who appeared at the conference to resolve the motion, was afforded time to find new counsel or advise the court that he intended to proceed *pro se*. Dkt. #18.

        Plaintiff appeared for the Status Conference on July 21, 2017 and requested additional time to retain counsel. Dkt. #22. The Court gave plaintiff until August 4, 2017 to retain counsel and scheduled a further Status Conference for August 11, 2017 at 10:00 a.m. Dkt. #23. The Status Conference was subsequently rescheduled to August 10, 2017 at 2:00 p.m. due to a scheduling conflict. Dkt. #24.

When plaintiff failed to appear for the August 10, 2017 Status Conference, it was adjourned by the Court to August 24, 2017 at 2:00 p.m., but plaintiff again failed to appear, prompting the Court to issue an Order to Show Cause, in writing, no later than September 22, 2017, why this case, in its entirety, should not be dismissed for failure to prosecute. Dkt. #27. Plaintiff was warned that his failure to comply with the Order to Show Cause would result in the dismissal of this action with prejudice pursuant to Fed.R.Civ.P. 41(b). Dkt. #27. Plaintiff has not responded to the Order to Show Cause.

> Rule 41(b) of the Federal Rules of Civil Procedure provides that
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

However, the Court of Appeals for the Second Circuit has required district courts to afford *pro se* plaintiffs "special leniency regarding procedural matters" and "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "[T]hese factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Id.* (internal quotation omitted). As a result, a district court contemplating dismissing a plaintiff's case for failure to prosecute must consider: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has

taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *LeSane*, 239 F.3d at 209.

Since the inception of this action, plaintiff repeatedly failed to maintain contact with his attorney and to appear at a mediation session, prompting the withdrawal of his attorney. Plaintiff subsequently failed to appear at two status conferences set for the purpose of allowing plaintiff to determine whether he would proceed with this action *pro se* or retain new counsel. More than two years after the filing of a Case Management Order, discovery has yet to proceed. Having afforded plaintiff multiple opportunities to move forward with his claim and having warned plaintiff that further delay on his part would warrant dismissal of his claims, the Court recommends that this case be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**October 25, 2017**

  *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**